# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

KEVIN O'LEARY and
CHRISTI O'LEARY,

    Plaintiffs,

v.                                                  Case No. 3:05cv411/LAC

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER DENYING SUMMARY JUDGMENT

Pending before the Court are Plaintiffs' Motion for Summary Judgment and documents in support thereof (Docs. 11, 17). Plaintiff timely filed a memorandum and evidentiary materials in opposition (Docs. 13, 20, 21). Defendant has also filed a motion for summary judgment (Docs. 22, 23), to which Plaintiffs responded (Doc. 25). Couched in Plaintiffs' response is a motion for extension of time to submit expert opinion (Doc. 25), to which Defendant filed a response (Doc. 26). The Court has taken these matters under advisement and is now prepared to rule on the motions. For the reasons stated below, all the motions are denied.

# I. BACKGROUND

Plaintiffs bring their claim under the Federal Tort Claims Act, 28 U.S.C. §§ 1346 and 2674, alleging medical malpractice by medical providers at the Eglin Air Force Base Regional Hospital relevant to a surgery performed on Plaintiff Kevin O'Leary's knee in January of 2004. Subsequently, a "3 X 4 mm radiopaque foreign body in the lateral compartment of the knee, ... perhaps a piece of catheter material from recent surgery," was identified during a radiological examination of the plaintiff's right knee. Doc. 11, ex. 2. Therefore, in February of 2004, Plaintiff underwent a second surgery in order to remove this foreign body. Asserting that during the initial operation the surgeon negligently left or broke off the tip of a surgical instrument that remained in Plaintiff's knee, Plaintiffs claim damages related to physical injury, unnecessary operations, mental pain and suffering, loss of enjoyment of life, loss of consortium, and past wages. Doc. 1.

# II. MOTION FOR SUMMARY JUDGMENT

## A. Standard

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[T]he substantive law will identify

which facts are material" and which are irrelevant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). An issue of fact is material if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. *See id.*

At the summary judgment stage, a court's function is not to weigh the evidence to determine the truth of the matter, but to determine whether a genuine issue of fact exists for trial. *See id.* at 249, 106 S. Ct. at 2510–11. A genuine issue exists only if sufficient evidence is presented favoring the nonmoving party for a jury to return a verdict for that party. *See id.* "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." *Miranda v. B & B Cash Grocery Store, Inc.*, 975 F.2d 1518, 1534 (11th Cir. 1992) (citing *Mercantile Bank & Trust Co. v. Fidelity and Deposit Co.*, 750 F.2d 838, 841 (11th Cir. 1985)).

When assessing the sufficiency of the evidence in favor of the nonmoving party, the court must view all the evidence, and all factual inferences reasonably drawn from the evidence, "in the light most favorable to the non-moving party." *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993). The court is not obliged, however, to deny summary judgment for the moving party when the evidence favoring the nonmoving party is "merely colorable or is not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S. Ct. at 2511. "A mere 'scintilla' of evidence supporting the . . . [nonmoving] party's position will not suffice" to demonstrate a material issue of genuine fact that precludes

summary judgment. *Walker v. Darby*, 911 F.2d 1573, 1577 (11th Cir. 1990) (quoting *Anderson*, 477 U.S. at 252, 106 S. Ct. at 2512).

## *B. Discussion*

Plaintiffs predicate their summary judgment motion on the holding in *Martin v. Rosomoff*, 370 So.2d 1228 (4th DCA 1979), which concerned facts similar to the case at bar. In *Martin*, an operation was performed on the plaintiff's back, and a surgical clip was then removed during a second operation. Although the physician concluded that the presence of the clip in the patient's body was inconsequential since it posed no physical problem, he nevertheless agreed to remove the clip because of the psychological effect it seemed to have on the patient. *Id.* at 1229. At trial, the jury was instructed that the defendant was negligent and that it must determine whether that negligence was the proximate cause of the plaintiff's injuries. The appellate court found that the defendant's negligence was at least responsible for the cost of the subsequent operation, the cost of which had been paid by the plaintiff. Thus, the court held that "[t]he jury should not have been instructed to determine whether the negligence was the legal cause of loss but rather to determine the amount of damages that were legally caused by the negligence." *Id.* at 1229-30.

In the case at bar, Plaintiffs assert that, as in *Martin*, liability should be found as a matter of law and that the only issue for trial should be on the amount of damages. However, this case readily distinguished from *Martin*, most obviously because Defendant here denies

any negligent conduct. Defendant posits that issues of fact remain, such as whether there was a duty to inspect the surgical instruments after the surgery, whether such an inspection would have revealed any abnormality, and whether the surgeon adequately irrigated the surgical site. Thus, this case concerns other elements of proof than the limited proximate cause element at issue in *Martin*. Namely, issues of fact clearly remain as to whether Defendant violated a standard to care in conducting the surgery.[1] Plaintiffs' motion for summary judgment must therefore be denied.

Defendant asserts in its motion that it is entitled to summary judgment because Plaintiffs have failed to disclose any expert witnesses and are thus unable to provide the necessary expert testimony to prove that Defendant breached a professional standard of care. Plaintiffs evidently did not proffer any experts because they elected to rely solely on their argument, refuted above, that liability should be settled in this case as a matter of law. Perhaps second-guessing this strategy, Plaintiffs appended their response to Defendant's motion with a motion for additional time in which to submit expert opinion. Defendant has opposed this motion, pointing out that the motion was filed more than three months after the deadline for disclosure of expert witnesses, and a month and a half after the deadline for all discovery.[2] Because Plaintiffs clearly had the opportunity to pursue expert discovery but

---

[1] To establish medical malpractice under Florida law, the plaintiff must prove: "(1) A standard of care owed by the defendants to plaintiffs, (2) a breach of that standard, and (3) that said breach proximately caused the damages claimed." *Wales v. Barnes*, 278 So. 2d 601, 603 (Fla. 1973).

[2] Plaintiffs' deadline for disclosure of expert witnesses was April 10, 2006, and the deadline for all discovery was June 8, 2006. The motion for extension of time was filed on July 25, 2006.

declined to do so, the motion will be denied. However, since Defendant's motion for summary judgment also arrives late, it must likewise be denied.[3]

### III. SUMMARY

The Court's ruling in this matter may be summarized as follows, and **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Summary Judgment (Docs. 11, 17) is **DENIED**.

2. Plaintiffs' motion for extension of time to submit expert opinion (Doc. 25) is **DENIED.**

3. Defendant's motion for summary judgment (Doc. 22) IS **DENIED.**

4. The trial of the case will now be set. Toward this end, counsel are directed to confer personally and notify the Court in writing within **five (5) working days** of the expected length of the trial and confirm this case to be a trial by judge or jury. All parties will be notified by separate order of the dates for the pre-trial conference, if necessary, and trial.

**ORDERED** on this 15th day of August, 2006.

                                          s/ *L.A. Collier*
                                          Lacey A. Collier
                                        Senior United States District Judge

---

[3] As established in the Court's scheduling order, all motions for summary judgment were due 20 days after the close of discovery, or on June 28, 2006. Defendant's summary judgment motion was filed 21 days later, on July 19, 2006.